CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jimmy Dakota Lee Hess, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00576 |
| SWVRJ-Haysi Facility *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jimmy Dakota Lee Hess, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Hess claims that excessive force was used against him and that he was harassed in violation of the Eighth Amendment. This matter is before the court on Defendants Sergeant Perrigan and Corporal Rasnick's joint motion to dismiss. (Dkt. 15.) Hess opposed the motion to dismiss, (Dkt. 20), and Defendants filed a reply brief in support of the motion, (Dkt. 22). For the following reasons, the motion will be granted in part and denied in part.

**I.   Standard of Review**

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to

1

draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## II.  Background

Hess, a convicted inmate, alleges in his complaint an incident of excessive force while he was detained at Southwest Virginia Regional Jail-Haysi. (Compl. at 2, 4–5 (Dkt. 1).) The succinct complaint contains the following factual allegations. Hess states he was in his cell when Correctional Officer Defendants Rasnick and Perrigan entered to "do a cell extraction." (*Id.* at 4.) He alleges that Rasnick restrained his arms behind his back and that Perrigan punched him four to five times in the ribs without any justification for the application of force.[1] (*Id.*) Perrigan is alleged to have told Hess at the time, "If you don't get your shit and

---

[1] Hess asserts in his opposition to the motion to dismiss that he was complying with instructions to move his belongings (although complaining) when the assault occurred and that he was not being violent or posing any threat at that time. (Dkt. 20 at 3, 4.)

2

go [to the cell to which Hess was being moved], we'll beat the fuck out of you and take you over there anyway." (*Id.*)  Hess further asserts that immediately after the assault, Rasnick made a sexual comment about Hess, to which Perrigan told Hess to keep quiet about the incident. (*Id.*)  Hess finally asserts that, about two months later, Perrigan laughed and bragged about the assault upon Hess.  (*Id.* at 5.)  As it is required to do when considering a motion to dismiss, the court accepts these facts as true.[2]

The Defendants interpret the claims asserted by Hess to include the following: a claim that Rasnick and Perrigan used excessive force against him, a claim that Rasnick verbally sexually harassed him, and a claim that Perrigan threatened and harassed him, all in violation of the Eighth Amendment.  (Dkt. 16 at 2.)  The court agrees with the interpretation that these claims could arise from the facts asserted by Hess.

### III.    Analysis

The court addresses a few preliminary matters.  First, in Hess's opposition to the motion to dismiss, he suggests that the court essentially pre-ruled on the sufficiency of his complaint by not dismissing his action *sua sponte* pursuant to its screening authority.  (Dkt. 20 at 2.)  The court is indeed permitted to screen and dismiss actions *sua sponte* under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).  The court did not screen Hess's complaint and dismiss it prior to service.  The court does not, however, consider its screening authority, unexercised in this case, as having any preclusive or binding effect on subsequent dispositive motions for the reasons explained in Defendants' reply brief.  (Dkt. 22 at 3–6.)

---

[2] Hess submitted evidence in connection with opposing the motion to dismiss.  (Dkts. 20-1, 20-2.)  The court did not consider the evidence because a motion to dismiss is decided only upon consideration of the allegations in the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

3

Second, Hess named the Southwest Virginia Regional Jail-Haysi Facility as a Defendant to this action in addition to the individual Defendants. (Compl. at 1.) To state a viable cause of action under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A jail is not a "person" subject to suit under § 1983. *Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994) (unpublished table opinion); *Blaydon v. Sw. Virginia Reg'l Jail-Duffield*, No. 7:23-cv-00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024). Accordingly, Southwest Virginia Regional Jail-Haysi Facility is not viable defendant in this action, and the court will dismiss it from this case.

Now turning to the merits of the motion to dismiss, Defendants' motion to dismiss argues that the Eighth Amendment excessive force claim should be dismissed because Hess fails to allege any injury in the complaint. (Dkt. 16 at 5–6.) This is true; Hess does not allege any injury. The court will, however, permit the claim to proceed because the extent of the injury is not the key inquiry when establishing the objective prong of the test for whether excessive force was used. What is key for the objective prong is the nature of the force, as explained below.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). In excessive force claims, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). A prisoner's Eighth Amendment

4

excessive force claim involves both an objective and subjective component. *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Id.* As the Fourth Circuit has noted, this is "not a high bar," *id.*, requiring only something more than "nontrivial" or "*de minimis*" force, *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam); *see Hudson v. McMillian*, 503 U.S. 1, 10 (1992).

Prior to 2010, the Fourth Circuit explicitly considered whether more than *de minimis* injury was sustained as an element of an excessive force claim. The Fourth Circuit explained this history, stating, "[a]lthough we once considered the severity of an inmate's *injuries* under the objective component, the Supreme Court has clarified that *what matters is the severity of the force employed*." *Dean v. Jones*, 984 F.3d 295, 303 (4th Cir. 2021) (emphasis added). The clarification came when the Supreme Court reversed the Fourth Circuit in 2010 in *Wilkins v. Gaddy*, explaining the governing law of excessive force claims as follows:

> Reversing the Court of Appeals, this Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," we held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."

*Wilkins*, 559 U.S. at 37 (citations omitted).

Applying this law, the Fourth Circuit post-*Wilkins* noted: "So long as the *force* used is more than de minimis, the objective component is satisfied, regardless of the extent of the injury." *Dean*, 984 F.3d at 303 (emphasis added); *see also Hill v. Crum*, 727 F.3d 312, 316 (4th

5

Cir. 2013) ("[T]here is no *de minimis* injury threshold for an excessive force claim . . . ."); *Thompson*, 878 F.3d at 98 ("[A] prisoner who suffers a minor, but malicious, injury may be able to prevail on an excessive force claim . . . ."). Of course, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38.

Defendants recognize this law but place weight on Plaintiff's failure to allege **any** injury. Giving Plaintiff the benefit of inferences from the facts he did allege, the court infers that Hess would have at least minimally suffered pain from being punched in the abdomen four to five times as he asserts.

> Even prior to *Wilkins*, the Fourth Circuit had explained that:
>
> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the *de minimis* force exception, or the pain itself will be such that it can properly be said to constitute more than *de minimis* injury.

*Norman v. Taylor*, 25 F.3d 1259, 1263 n.4 (4th Cir. 1994) (citations omitted). Additionally, an application of force without any penological justification could itself support a claim. As the Fourth Circuit noted:

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Hill*, 727 F.3d at 317 (quoting *Hudson*, 503 U.S. at 9) (cleaned up). Hess has thus alleged facts that could place "this force incident within the ambit of the 'extraordinary circumstances'

6

exception to the de minimis requirement in Norman." *Ussery v. Mansfield*, 786 F.3d 332, 338 n.4 (4th Cir. 2015); *see also Wilson v. Miller*, No. 7:19-cv-00414, 2020 WL 3441238, at *6 (W.D. Va. June 23, 2020) (denying summary judgment on inmate's claim that he was "attacked" and taken down from behind despite lack of injury); *Murray v. Lilly*, 426 F. Supp. 3d 245, 255 (S.D. W. Va. 2019) (denying summary judgment because there was a dispute as to the amount of force used to takedown a prisoner and a dispute over whether he was resisting at the time, and both factors were "central in determining whether officer actions are constitutional").

Hess's claim that he was intentionally restrained and punched by officers without any justification distinguishes this case from the cases cited by Defendants. In *Jones v. Owens*, the inmate was struck by a ricocheting bullet—presumably rubber because no injury was alleged—that a correctional officer fired to break up a fight not involving the plaintiff. No. 7:24-cv-00331, 2025 WL 972250, at *1 (W.D. Va. Mar. 31, 2025). The court concluded that this did not constitute an allegation of force "repugnant to the conscience of mankind." *Id.* at *2. In *Atkins v. Glaser*, the court granted summary judgment to Defendants after the evidence showed that the force that had been applied was an officer "briefly put[ting] her hand on [the Plaintiff]'s back to direct him to turn around and face the wall" without any resulting injury. No. 1:18-cv-00354, 2022 WL 1085000, at *7 (E.D. Va. Apr. 11, 2022). These cases do not support the proposition that a claim of restraint and punching without penological justification should be dismissed on a motion to dismiss because of insufficient injury allegations.

Defendants' motion to dismiss also challenges the subjective component of the test for whether excessive force was applied. (Dkt. 16 at 6–7.) The subjective component is a more demanding standard than the objective standard. *Brooks*, 924 F.3d at 112–13. The subjective

7

component asks whether the officers against whom the claim is brought "acted with a sufficiently culpable state of mind." *Id.* at 112. "[T]he state of mind required is wantonness in the infliction of pain," which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 112–13 (cleaned up). The Defendants assert that Hess failed to allege sufficiently the circumstances giving rise to the usage of force so that the court has no information upon which to assess the subjective component. (Dkt. 16 at 7.) They argue that this warrants dismissal. (*Id.*) But the court disagrees. Hess alleges that he did nothing to justify the usage of force and that the attack was unprovoked. What else could a plaintiff allege about the context of an allegedly unprovoked attack other than simply he was attacked for no reason? The circumstances that would support such an excessive force claim are the lack of circumstances justifying any application of force, which is what Hess has claimed. *See Thompson v. Cmmw. of Va.*, 878 F.3d 89, 100 (4th Cir. 2017) ("[B]ecause there was no need to use force, the force used was necessarily excessive in relation to the need."). At this stage of the litigation, the court concludes that he has alleged enough facts to support his claim of excessive force and will deny Defendants' motion to dismiss as to this claim.

Hess's remaining claims, however, do not state a plausible claim of entitlement to relief, and the court will grant the motion to dismiss these claims. Hess did not oppose Defendants' challenges to the harassment claims, and Hess has thus conceded that these claims should be dismissed. Specifically, Hess's allegations regarding the claimed sexual harassment fail to state a claim upon which relief could be granted. Hess alleges that Defendant Rasnick made a single sexual comment as he was packing up his belongings after being punched. (Dkt. 1 at 4.) While

8

inmates have a right to be free from sexual abuse, the Fourth Circuit has not recognized an Eighth Amendment violation where prison officials' conduct amounts to "mere verbal sexual harassment." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (dismissing inmate's § 1983 claim based on verbal sexual harassment); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without more, fail to state a claim under § 1983); *see also Cooper v. Johnsin*, No. 7:23-cv-00708, 2024 WL 2869045, at *2 (W.D. Va. June 6, 2024) (holding that allegations of isolated verbal sexual harassment without physical contact are insufficient to state an Eighth Amendment violation); *Snodgrass v. Messer*, No. 7:16-cv-00050, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), *aff'd*, 694 F. App'x 157 (4th Cir. 2017); *Owen v. Schmidit*, No. 7:22-cv-00675, 2024 WL 4173805, at *2–4 (W.D. Va. Sept. 12, 2024) (dismissing inmate's claim based on sexual comments). Hess does not invoke the Prison Rape Elimination Act (PREA) in connection with his claims against Rasnick, but it does not provide a private cause of action or a basis for a § 1983 claim either. *De'lonta v. Clarke*, No. 7:11-cv-00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013).

Hess's claim against Perrigan relates to a non-sexual threat and taunting made after the assault two months later. Verbal abuse alone does not establish a violation of the Constitution. Generally speaking, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee*, 153 F. App'x at 180 (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Morva v. Johnson*, No. 7:09-cv-00515, 2011

9

WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a claim). Accordingly, the court will dismiss this claim against Defendant Perrigan as it fails to state a claim on which relief may be granted.

Finally, the court addresses Hess's additional recent requests. Hess has asked the court to order that he be moved to a Virginia Department of Corrections (DOC) facility. (Dkts. 24, 28.) Hess has already been transferred from the facility at which the claimed excessive force incident arose, but he seeks to be transferred from his new regional facility to a DOC facility. (*Id.*) The court construes Hess's requests for transfer as motions for a preliminary injunction or a temporary restraining order. *See, e.g., Campbell v. Smith*, No. 0:08-3668, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A party seeking a preliminary injunction or a temporary restraining order must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief should be granted only in compelling circumstances in the prison context, *Taylor v. Freeman*, 34 F.3d 266, 269–70 (4th Cir. 1994), because courts grant "wide-ranging deference" to prison administrators on matters within their discretion, *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).

Here, Hess's request for transfer is unrelated to the excessive force incident at his former institution, which is the subject of this action. While a "preliminary injunction is always

10

appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that sought relief unrelated to complaint from non-parties). Additionally, Hess failed to meet his heavy burden to justify court interference in matters of prison administration. His allegations of harsh treatment at his current facility are vague and not specific to any individual. *See, e.g., Rose v. Damron*, No. 2:16-cv-00242, 2018 WL 4291914, at *2 (W.D. Mich. July 24, 2018) (denying motion to transfer by prisoner who "presented no evidence that he has received any threats of bodily harm or physical attack" and explaining that "speculation is not sufficient to establish that he faces irreparable harm"). Accordingly, the court **DENIES** Hess's requests in Dkts. 24 and 28 to be transferred to a DOC facility.

Hess also submitted correspondence to the court referencing his claimed ongoing harsh treatment at the new facility to which he has been transferred. (Dkt. 26.) Hess is **ADVISED** that claims arising after the events at issue in this action and asserted against different defendants should be brought in a separate action. The court will not take any action in connection with the correspondence.

Finally, in his response in opposition to the Defendants' motion to dismiss, Hess references his need for certain evidence and asks the court to review video camera evidence that the court does not possess. (Dkt. 20.) Hess is **ADVISED** that the court does not request evidence or conduct investigations. If he desires certain evidence to support his claims, he must make discovery requests to one or more of the Defendants pursuant to the procedures

11

described in Rules 26 through 37 of the Federal Rules of Civil Procedure. These Rules provide the means by which parties may obtain relevant information and evidence in litigation. Rules 33 and 34 provide the framework for a party to ask questions to another party or request documents or items. The court is not involved in the discovery process unless a dispute arises about the discovery. Additionally, Rule 45 provides a mechanism for subpoenas to obtain information or evidence needed from third-parties (non-defendants) to the litigation. Because Hess is a *pro se* litigant, he would need to request in a motion that the court issue any needed subpoenas. A motion for issuance of a subpoena should identify the relevance of the information or evidence requested and the need for a subpoena to obtain it.

### IV.    Conclusion and Order

For the reasons explained above, the court **GRANTS** Defendants' motion to dismiss the claims of sexual and verbal harassment, but it **DENIES** the motion to dismiss the excessive force claim. (Dkt. 15.) The court **DISMISSES** Defendant SWVRJ-Haysi Facility from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court **DENIES** Hess's requests that he be transferred to a DOC facility. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Hess.

**IT IS SO ORDERED**.

**ENTERED** this 5th day of January, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE